1  DIANE L. KIMBERLIN, BAR No. CA 071487
   MICHAEL W. WARREN, BAR No. CA 223642
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA 95113.2303
   Telephone:   408.998.4150
5  Facsimile:   408.288.5686
   Email:       dkimberlin@littler.com
6  Email:       mwarren@littler.com

7  Attorneys for Defendant
   PHT CORPORATION

8

9

10                    UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                         SAN JOSE DIVISION

13

14  SUE F. BLECMAN,                      Case No.

15              Plaintiff,               NOTICE OF REMOVAL OF ACTION
                                         UNDER 28 U.S.C. § 1441(b) (DIVERSITY)
16         v.

17  PHT CORPORATION, a Delaware
    corporation, DOES 1-07, inclusive,
18
                Defendants.
19

20  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21         PLEASE TAKE NOTICE that Defendant PHT Corporation (hereinafter "Defendant")

22  hereby removes to this Court the state court action described below:

23         1.      On June 4, 2008, an action was commenced in the Superior Court of the State

24  of California in and for the County of Santa Clara, entitled Sue F. Blecman v. PHT Corporation, a

25  Delaware corporation, Does 1 through 07, as Case Number 1-08-CV-114076, a copy of which is

26  attached hereto as Exhibit A.

27         2.      The Complaint was first served on Defendant's agent for service of process on

28  June 10, 2008. A copy of Plaintiff's Summons is attached hereto as Exhibit B.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

3.    Defendant filed a General Denial and Affirmative Defenses to Plaintiff's Complaint with the Santa Clara County Superior Court on July 10, 2008.  A copy of Defendant's General Denial and Affirmative Defenses is attached hereto as Exhibit C.  This document, together with Exhibits A and B, represent the entire state court file in this matter.

4.    **JURISDICTION:**    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b).  Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff is claiming that she suffered compensatory damages in excess of $143,991.20 as a result of Defendant's alleged conduct, in addition to seeking punitive damages.

5.    Defendant is informed and believes that Plaintiff, at all relevant times, was and still is, a citizen of the state of California.

6.    Defendant was, at the time of the filing of this action, and still is, a corporation under the laws of the state of Delaware, and has its principal place of business in Charlestown, Massachusetts.

7.    The defendants designated as DOES 1 through 07 are fictitious defendants and are not parties to this action.  Unnamed defendants sued as Does are not required to join in a removal petition, and their citizenship is disregarded for purposes of removal.  28 U.S.C. § 1441(a); *Fristos v. Reynolds Metal Company*, 615 F.2d 1209, 1213 (9th Cir. 1980).

WHEREFORE, Defendant now prays that the above action now pending against Defendant in the Superior Court for the State of California, County of Santa Clara, Case No. 1-08-CV-114076, be removed therefrom to this Court.

Dated: July 10, 2008.

MICHAEL W. WARREN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
PHT CORPORATION

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:85826625.1 060234.1001

2.

**NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)**

1   Cynthia A. Laica, Esq. CSBN 244301
    HALLMARK LAW FIRM
2   11440 West Bernardo Court, Suite 300
    San Diego, California 92127
3   Telephone:        (858) 386-9696
    Facsimile:        (858) 675-3696
4   E-mail: calaica@hallmarklaw.net

5

    Attorneys for: Plaintiff SUE F. BLECMAN
6

7                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         COUNTY OF SANTA CLARA

9

10  SUE F. BLECMAN, an individual          )   CASE NO.  1 0 8 C V 1 1 4 0 7 6

11                 Plaintiff,              )
                                          )   **Complaint for Damages and Money:**
12  v.                                    )
                                          )   (1) Breach of Contract
13  PHT CORPORATION, a Delaware           )
    corporation, DOES 1-07, inclusive,    )   (2) Breach of Implied Covenant of
14                                        )       Good Faith and Fair Dealing
                   Defendants.            )
15                                        )   (3) Declaratory Relief Contract is
                                          )       Unconscionable, [California Civil
16                                        )       Code Section 1670.5.]
                                          )
17                                        )   (4) Promissory Estoppel
                                          )
18                                        )   (5) Unjust Enrichment
                                          )
19                                        )   (6) Fraud and Intentional Deceit
                                          )
20                                        )   (7) Breach of Statutory Duty
                                          )
21                                        )   (8) Failure to Comply With Lawful
                                          )       Demand for Personnel Records,
22                                        )       [Labor Code Section 226 &
                                          )       1198.5]
23                                        )
24  _____)   **DEMAND IS MORE THAN $25,000.00**

25          Plaintiff SUE F. BLECMAN ("Plaintiff" or "BLECMAN"), for causes of action against

26  Defendants and each of them, allege as follows:

27  /////////////

28                              **PARTIES**
    _____
                               1
                           COMPLAINT

1.   Plaintiff, SUE F. BLECMAN, is and at all times herein mentioned was, an individual and a resident in Carlsbad, County of San Diego, California.

2.   Plaintiff is informed and believes, and based thereon alleges that Defendant PHT CORPORATION is, and at all times mentioned was a corporation organized and existing under the State of Delaware and qualified to do business in the State of California.

3.   The true names and/or capacities of the defendants named herein as DOES 1 through 07, inclusive, and each of them, are unknown to Plaintiff who therefore sue said defendants by such fictitious names.  Plaintiff will amend this complaint to show the true names and/or capacities of said DOE defendants, and each of them, when the same have been ascertained.

4.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting in the course and scope of such agency and employment.

## JURISDICTION

5.   The causes of action stated below represent a money demand of more than twenty-five thousand dollars ($25,000.00) and are ones in which the above entitled Court has Jurisdiction.

6.   This Court is the proper Court, and this action is properly filed in the County of Santa Clara: Plaintiff performed work in this county and numerous other local counties and entered into an employment and incentive compensation contract with Defendants, made the subject of this action, in the County of Santa Clara; wages are owed to Plaintiff, made the subject of this action, for work performed in the County of Santa Clara and numerous other local counties;  the Defendants which are business entities conduct and transact business (and/or at times relevant hereto have conducted and  transacted business) in the County of Santa Clara; and Defendants' individual and collective obligations and liabilities to Plaintiff in this action arise in the County of Santa Clara and other local counties.

///////////

/////////

///////

1    7. Numerous actions alleged in this Complaint occurred within and obligations were performed

2    and such obligations incurred and had their effect upon Santa Clara County in the State of

3    California. Therefore, this venue is proper under California Code of Civil Procedure, Section

4    395. (a).

5                    **FACTS COMMON TO ALL CAUSES OF ACTION**

6        8.        Plaintiff is a former employee of Defendant, and DOES 1 through 07

7    (hereinafter, collectively referred to as "Defendants"). Plaintiff brings this action against Defendants

8     to recover, among other claims, compensation for earned commissions as wages,

9    bonuses, incentives, including a contest award, unused vacation and paid time off all constituting

10   wages as required by California law pursuant to Cal. Labor Code sections 200, 202 and 203;

11   attorneys' fees pursuant to Cal. Labor Code section 218.5, interest pursuant to Cal. Labor Code

12   section 218.6, costs and expenses; and restitutionary relief for unlawful business practices, all as

13   related to the foregoing claims.

14       9.        Plaintiff worked as an employee of Defendants in Santa Clara County, California.

15   Defendant PHT CORPORATION ("PHT") provides services and products related to electronic

16   patient reports for clinical trials within the County of Santa Clara and other local counties. Plaintiff

17   worked as an account executive for four and a half (4.5) years preceding the filing of this action, the

18   first date of employment was February 11, 2003 as evidenced by the offer of employment letter

19   **attached hereto as EXHIBIT "A"** and incorporated herein by reference. This action is brought

20   due to earned wages owed and was not provided with all legally required wages, including earned

21   commission as wages as alleged herein.

22

23       10.   Plaintiff resigned from her employment with PHT on August 31, 2007. Upon

24   separation of her employment Plaintiff was not paid all wages owed including earned commission

25   as wages, bonuses, incentives including a sales contest award, unused paid time off and vacation

26   time. As a direct result of Defendants' failure and refusal to pay Plaintiff wages owed, including all

27

28

                                          3

1  earned commission as wages, Plaintiff has been denied payment for all earned commissions as

2  wages. All such acts are in violation of the California Labor Code sections 200, 202, 203, and

3  California Business Professions Code among others.

4

5       11.   Plaintiff is informed and believes and on that basis alleges that for the previous

6  years Plaintiff was employed by Defendants, Plaintiff was paid for all earned commissions according

7  to the Incentive Compensation Plans for Account Executives Fiscal Year 2005 **attached**

8  **hereto as EXHIBIT "B"** and incorporated herein by reference.

9       12. Plaintiff was paid for all earned commissions according to the Incentive Compensation

10  Plans for Account Executives Fiscal Year 2006 **attached hereto as EXHIBIT "C"** and

11  incorporated herein by reference.

12       13.  Plaintiff believed she was entitled to relatively the same compensation plan for the

13  payment of all earned commissions pursuant to her Incentive Compensation Plan for Account

14  Executives Fiscal Year 2007 ("Contract") **attached hereto as EXHIBIT "D"** and incorporated

15  herein by reference.

16       14.  On or about February 2007, Defendants and Plaintiff executed the Incentive

17  Compensation Plan for Account Executives Fiscal Year 2007.  At the time of execution of the

18  Contract,  Plaintiff relied on the past three years of dealing with Defendants in executing the

19  Contract.  Based on the last three compensation plans, Plaintiff believed that the provisions for

20  payment of compensation including payment of commissions remained the same as the

21  previous three compensation plans she signed.   PHT, however, materially modified the commission

22  provisions drastically in the 2007 Contract to include three new conditions to payment of

23  commissions by inserting the following language:

24            "Commissions are not fully earned on orders until PHT Corporation completes all of

25            the following: Recognizes Revenue.  Delivers according to the Contract, and Payment

26            is received in full." **See Exhibit "D", ¶3.4.**

27  At the time Plaintiff executed the Contract, Defendants did not inform, notify, explain or describe in

28  any manner Plaintiff that the commission provisions from the last three years had been materially

1    altered to include new conditions. Defendants further failed to inform Plaintiff and all sales

2    representatives of the new conditions for commission payments despite discussing the Contract in

3    detail at a sales meeting and presenting the information in a PowerPoint slideshow.

4        15.    Plaintiff on numerous occasions attempted to resolve the earned commissions

5    owed to her through direct conversations with Defendants with no avail.  Defendants

6    indicated that they themselves could not even come to a reasonable agreement regarding the

7    meaning of paragraph 3.4 in the 2007 Compensation Plan and what it represented.

8        16.    Prior to filing this lawsuit, Plaintiff, through Counsel has made numerous attempts

9    through written correspondence and other means to attempt to resolve this matter.

10        17.    Prior to filing this lawsuit, Plaintiff on or about March 03, 2008, made a Formal

11    Written Request to inspect and copy all Complete Personnel Records pertaining to all wages,

12    Commissions earned, Commissions paid, Commissions owed, paid time off, earned vacation time,

13    and the monthly Commissions booking/payout schedule under California Labor Code Sections, 226.

14    & 1198.5.  Recently, Plaintiff was allowed to inspect and copy such personnel records and it appears

15    that the Commissions booking/payout schedules have been removed from such records and such

16    removal In violation of California Labor Code Sections, 226. & 1198.5.

17        18.    Due to Defendant's breaches, Defendant's owes to Plaintiff an amount of and in

18    Excess of $143,991.30, plus attorneys fees, costs, and interest thereon at the maximum rate allowed

19    By law according to proof at the time of trial, **see attached hereto as EXHIBIT "E"** and

20    incorporated herein by reference, the Commissions Earned/Paid/Due to Plaintiff.

21        19.    Plaintiff demanding a jury trial on allowable claims, brings this action against

22    Defendants for, Compensatory damages, in excess of $143,991.20, declaratory relief, plus attorneys

23    fees, costs and interest thereon at the maximum rate allowed by law according to proof at time of

24    trial.

25                        **FIRST CAUSE OF ACTION**

26            **(Breach of Contract – Plaintiff Against all Defendants)**

27        20.    Plaintiff re-alleges and incorporates by reference each and every allegation

28    contained in each paragraph above as though fully set forth herein.

21.    On or about January 26, 2007, Plaintiff entered into the Incentive Compensation Plan for Account Executives Fiscal Year 2007 ("Contract") for the payment of earned commissions as wages, bonuses and incentives earned by Plaintiff.

22.    Pursuant to the Contract, Defendants agreed to pay Plaintiff earned commissions as wages, bonuses and incentives, in accordance with the rate, terms and conditions set forth in the contract. Additionally, Plaintiff won a sales contest that Defendants held and is entitled to the award that she never received.

23.    Plaintiff has performed all conditions, covenants and promises on its part to be performed in accordance with the terms and conditions of the Contract, except those excused due to Defendants' breach of the Contract.

24.    Defendants breached the Contract with Plaintiff, by among other things, failing to pay Plaintiff earned commissions as wages, bonuses and incentives earned as agreed under the Contract.

25.    As a direct and proximate result of Defendants' breach of the Contract, Plaintiff has suffered damage in a sum in excess of $143,991.30, plus attorneys fees, costs, and interest thereon at the maximum rate allowed by law according to proof at time of trial.

## SECOND CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing – Plaintiff Against All Defendants)

26.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in each paragraph above as though fully set forth herein.

27.    Every contract implies a duty of good faith and fair dealing, Defendants engaged in Conduct in that they are obligated to pay to Plaintiff for earned commissions wages, bonuses and have intentionally denied payment, delayed payment and engaged in such conduct for the purpose of denying such benefit to Plaintiff.

28.    On or about August 31, 2007, Defendants breached the implied covenant of good faith and fair dealing in the Contract by failing to pay Plaintiff earned commissions as wages, bonuses and incentives earned as agreed under the Contract. Specifically, Defendants have failed to

1 | pay Plaintiff for earned commissions as wages, bonuses earned related to the first study contract with

2 | a new account and incentives including a sales contest award.

3 |     29.   The actions of said Defendants as hereinbefore described in violation of said implied

4 | covenant of good faith and fair dealing have caused Plaintiff to suffer damages in the amount in

5 | excess of $143,991.30 plus attorneys fees, costs, and interest thereon at the maximum rate allowed

6 | by law according to proof at time of trial.

7 |

8 | **THIRD CAUSE OF ACTION**

9 | **(Declaratory Relief that Contract is Unconscionable – Plaintiff Against All Defendants)**

10 | **(California Civil Code Section 1670.5.)**

11 |     30.   Plaintiff re-alleges and incorporates by reference each and every allegation contained

12 | in each  paragraph above as though fully set forth herein.

13 |     31.   An actual controversy has arisen and now exists between Plaintiff and Defendants

14 | regarding their respective rights and duties under the Contract for the payment of earned

15 | commissions as wages to Plaintiff in that, Plaintiff contends:

16 |     32.   Plaintiff is entitled to all earned commissions as wages; that Plaintiff closed all her

17 | earned commissions as wages and is therefore entitled to them; that Defendants have willfully and

18 | intentionally refused to pay all earned commissions as wages to Plaintiff alleging that Plaintiff if not

19 | entitled to them pursuant to the Contract;

20 |     33.   Plaintiff contends that the following paragraphs set forth in 2007 Incentive

21 | Compensation Plan Fiscal Year 2007, see **EXHIBIT "D"** are vague, ambiguous or unconscionable:

22 |         *(i)  Paragraph 3.3 Employee Separation*

23 |         *(ii)  Paragraph 3.4 Payment of Commission*

24 |         *(iii) Paragraph 3.5 Refunds*

25 |     34.   These contract provisions are vague, ambiguous, or unconscionable both

26 | procedurally and substantively.  These provisions are oppressive with an inequality of bargaining

27 | power, absent of negotiation and meaningful choice in executing the contract and the terms are

28 | unduly harsh at the time it was made and accepting the provisions regarding payment of

1  commissions; that Plaintiff was not informed of the new provisions and they were an unfair surprise

2  changing the payment terms for commissions in the Contract.

3        35. Plaintiff desires a judicial determination of her rights and duties, and a declaration as

4  to the Contract provisions regarding payment of commissions; that the provisions regarding payment

5  of commissions are unenforceable and if there is ambiguity that the provisions be resolved in favor

6  of Plaintiff.

7        36. A judicial declaration is necessary and appropriate at this time to determine if the

8  Contract provisions relating to the payment of commissions is unenforceable so that Plaintiff may

9  determine her rights and duties under the Contract; and the nature and extent of Plaintiff's damages

10  are quantified.

11                    **FOURTH CAUSE OF ACTION**

12            **(Promissory Estoppel – Plaintiff Against All Defendants)**

13        37.  Plaintiff re-alleges and incorporates by reference each and every allegation

14  Contained in each paragraph above as though fully set forth herein.

15        38. On or about February 2007, Defendants made a clear and unambiguous promise to

16  Plaintiff that they would pay Plaintiff for all earned commissions as wages, bonuses and incentives

17  earned as described in the Contract upon and/or soon after her resignation.

18        39.  Defendants have breached such promise, to this date no monies have been paid to

19  Plaintiff.

20        40.  Plaintiff actually reasonably relied on this promise to Plaintiff's injury and

21  detriment, in that Plaintiff was induced to perform and increase sales of PHT's products and services

22  and worked to transfer her position after notice of her resignation from PHT while Defendants have

23  not performed any part of the promise made.

24        41. Defendants knew or should have known that Plaintiff would rely on the promise

25  made and that the promise would induce Plaintiff to perform and increase sales of PHT's products

26  and services and this reliance was reasonable and foreseeable that Plaintiff would transfer her

27  position prior to the final date of her working for Defendant.

28        42.  Injustice can only be avoided by the enforcement of Defendants promise.

1    43. As a consequence of the acts Plaintiff was induced to perform to her detrimental

2  reliance and Defendants' failure to pay Plaintiff, Plaintiff has been damaged in the amount in excess

3  of $143,991.30, plus attorneys fees, costs, and interest thereon at the maximum rate allowed by law

4  according to proof at time of trial.

5                           **FIFTH CAUSE OF ACTION**

6              **(Unjust Enrichment– Plaintiff Against All Defendants)**

7    44. Plaintiff re-alleges and incorporates by reference each and every allegation

8  contained in each paragraph above as though fully set forth herein.

9    45. Plaintiff performed under the Contract and earned commissions as wages, bonuses

10  and incentives.  Despite repeated requests that Defendants pay Plaintiff for the earned wages,

11  Defendants have refused and continue to refuse to pay Plaintiff for the earned commissions as

12  wages, bonuses and incentives.

13    46. Plaintiff conferred a benefit on Defendants' and Defendant's received such benefit

14  And it is unjust for Defendants to retain such a benefit.

15    47. Plaintiff is informed, believes, and thereon alleges that Defendants, in failing to

16  compensate Plaintiff for services she performed, including those services alleged above, has been

17  unjustly enriched, as, among other things, Plaintiff's earned commissions as wages, bonuses and

18  incentives pursuant to the Contract.

19    48. Plaintiff is informed, believes, and thereon alleges that Defendants have been

20  Unjustly enriched by the services performed by Plaintiff in an amount according to proof at trial.

21                           **SIXTH CAUSE OF ACTION**

22             **(Fraud and Intentional Deceit– Plaintiff Against All Defendants)**

23    49. Plaintiff re-alleges and incorporates by reference each and every allegation

24  contained in each paragraph above as though fully set forth herein.

25    50. On or about August 2007, Plaintiff informed her manager that she was resigning

26  from her position with PHT.  Defendants' assured Plaintiff that she would received her earned

27  commissions as wages, bonuses and incentives at or soon after her last day of work.

28    51. Upon Plaintiff's notice of resignation, Defendants represented to Plaintiff that

1  Defendants would pay Plaintiff the commissions as wages, bonuses and incentives Plaintiff earned.

2      52. At the time Defendants made this promise to Plaintiff, Defendants without

3  intention of performing it.  Defendants knew and intentionally concealed from Plaintiff the fact that

4  Defendants had no intention of paying Plaintiff her earned commissions as wages.

5      53. The promise was made by Defendants with the intent to defraud and induce Plaintiff

6  to transfer her position and to continue providing services and promoting sales of PHT's services

7  and products without having to pay Plaintiff her earned commissions as wages, bonuses and

8  incentives after Plaintiff's last day work.

9      54. If  Plaintiff had know of such concealment of such material facts and such

10  intentions, Plaintiff would have waited to receive payment in full before resigning her position.

11      55. At the time Defendants made this promise, Plaintiff was ignorant of Defendants'

12  secret intention not to perform and justifiably relied on Defendants' promise to pay all earned

13  commissions as wages, bonuses and incentives by continuing to provide services, promoting sales of

14  PHT's services and products and to transfer her position and close out any open matters upon giving

15  two week notice of her resignation.  At the time these acts were undertaken, Plaintiff could not, in

16  exercise of reasonable diligence, have discovered Defendants' secret intention not to perform.

17      56. By the conduct described above, Defendants' made, (a) misrepresentation (false

18  representation, concealment, or nondisclosure); with (b) knowledge of falsity and (c) intent to

19  defraud, which did induce Plaintiff and (d) justifiable reliance; which (e) resulted in damage to

20  Plaintiff.

21      57. Defendants failed to abide by their promise in that they failed to pay Plaintiff her

22  earned commissions as wages, bonuses and incentives earned.  Plaintiff has therefore been damaged

23  in a sum to be proven at trial.

24      **SEVENTH CAUSE OF ACTION**

25      **(Breach of Statutory Duty to Pay Wages – Plaintiff Against All Defendants)**

26      58. Plaintiff re-alleges and incorporates by reference each and every allegation

27  Contained in each paragraph above as though fully set forth herein.

28

1    59. Plaintiff is entitled to the benefits and protections of the California Labor

2  Code sections 200, 202, and 203 which require Defendants to provide Plaintiff with all wages due

3  and owing at the time of termination of employment. By engaging in the foregoing failures to

4  properly provide compensation therefor, as Plaintiff is a former employee of Defendants who was

5  not paid all wages due and owing at the time of Plaintiff's resignation with Defendants, there is/was

6  a violation of Labor Code sections 200 and 202. Such violations were committed willfully, with a

7  conscious disregard for Plaintiff's rights and Defendants' obligations under California wage and

8  hour laws. In violation of state law, Defendants have knowingly and willfully refused to perform

9  their obligations to provide Plaintiff with all wages due and owing at the time of resignation.

10    60. As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses

11  related to the use and enjoyment of such wages, lost interest on such wages, and expenses and

12  attorneys' fees in seeking to compel Defendants to fully perform their obligation under California

13  law, all to her damages in amounts according to proof at time of trial but in amounts in excess of the

14  minimum jurisdiction of this Court. Accordingly, Plaintiff is entitled to recover the full value of all

15  wages owed as of the date of resignation, plus penalty wages in accordance with California Labor

16  Code section 203, reasonable attorneys' fees in accordance with California Labor Code section

17  218.5, and interest in accordance with California Labor Code section 218.6.

18

19                          **EIGHTH CAUSE OF ACTION**

20    **(Failure to Comply with Lawful Demand for Personnel Records in Violation of Labor Code**

21                **Sections 226 and 1198.5 – Plaintiff Against All Defendants)**

22    61. Plaintiff re-alleges and incorporates by reference each and every allegation

23  contained in each paragraph above as though fully set forth herein.

24    62. Plaintiff has the right to inspect her personnel records that Defendants maintain

25  relating to Plaintiff's performance or to any grievance concerning Plaintiff. Defendants shall make

26  the contents of such records available to Plaintiff at reasonable intervals and reasonable times.

27    63. Plaintiff made lawful requests to Defendants to inspect her own personnel files

28  including documents related to earned commissions, paid commissions and due commissions, as she

1   is entitled to do both under company policy and under the California Labor Code.  Plaintiff made

2   such requests both personally and through her attorney.  Defendants denied her access to those files

3   by failing to produce documents in her personnel file, in clear contravention of Labor Code sections

4   226 and 1198.5.

5          64.   Plaintiff demanding a jury trial on allowable claims, brings this action against

6   Defendants for, Compensatory damages, in excess of $143,991.20, declaratory relief, plus attorneys

7   fees, costs and interest thereon at the maximum rate allowed by law according to proof at time of

8   trial.

9          **WHEREFORE**, Plaintiff prays for judgment as follows:

10

11                    <u>**PRAYER FOR RELIEF**</u>

12            <u>**AS TO THE FIRST CAUSE OF ACTION:**</u>

13   1.     For compensatory damages in the amount of $143,991.30, according to proof at trial.

14   2.     For prejudgment interest on the contract at that statutory rate of 10% per annum from

15          and after August 31, 2007.

16   3.     For reasonable attorneys' fees pursuant to Labor Code section 218.5

17   4.     For costs of suit incurred herein; and

18   5.     For such other and further relief as the Court deems just and proper.

19

20            <u>**AS TO THE SECOND CAUSE OF ACTION:**</u>

21   1.     For compensatory damages in the amount of $143,991.30, according to proof at trial.

22   2.     For prejudgment interest on the contract at that statutory rate of 10% per annum from

23          and after August 31, 2007.

24   3.     For reasonable attorneys' fees pursuant to Labor Code section 218.5

25   4.     For costs of suit incurred herein; and

26   5.     For such other and further relief as the Court deems just and proper.

27

28   ///////////////

1 //////////////

2 ////////////////

### AS TO THE THIRD CAUSE OF ACTION:

1. That the Contract provisions regarding payment of commissions are unenforceable and if there is ambiguity that the provisions be resolved in favor of Plaintiff.

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

### AS TO THE FOURTH CAUSE OF ACTION:

1. For compensatory damages in the amount of $143,991.30, according to proof at trial.

2. For prejudgment interest on the contract at that statutory rate of 10% per annum from and after August 31, 2007.

3. For enforcement of the promise.

4. For reasonable attorneys' fees pursuant to Labor Code section 218.5

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

### AS TO THE FIFTH CAUSE OF ACTION:

1. For compensatory damages in the amount of $143,991.30, according to proof at trial.

2. For prejudgment interest on the contract at that statutory rate of 10% per annum from and after August 31, 2007.

3. For reasonable attorneys' fees pursuant to Labor Code section 218.5

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper

### AS TO THE SIXTH CAUSES OF ACTION:

1. For compensatory damages in the amount of $143,991.30, according to proof at trial.

2. For prejudgment interest on the contract at that statutory rate of 10% per annum from and after August 31, 2007.

COMPLAINT

3.    For punitive and exemplary damages in an amount sufficient to punish and deter.

4.    For reasonable attorneys' fees pursuant to Labor Code section 218.5

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court deems just and proper.

### AS TO THE SEVENTH CAUSE OF ACTION:

1.    For compensatory damages in the amount of $143,991.30, according to proof at trial.  For interest thereon pursuant to Labor Code section 218.6;

2.    For costs of suit incurred herein;

3.    For reasonable attorneys' fees pursuant to Labor Code section 218.5;

4.    For penalties pursuant to Labor Code section 203; and

5.    For such other and further relief as the Court deems just and proper.

### AS TO THE EIGHTH CAUSE OF ACTION:

1.    For $750.00 penalty pursuant to Labor Code section 226(f);

2.    For injunctive relief pursuant to Labor Code section 226 (g);

3.    For reasonable attorneys' fees pursuant to Labor Code section 226 and all other applicable statutes; and

4.    For such other and further relief as the Court deems just and proper.

**WHEREFORE,** Plaintiff, **SUE F. BLECMAN,** prays for judgment against Defendants PHT CORPORATION.

Dated: _May 29, 2008_                              **HALLMARK LAW FIRM**

By _____
**CYNTHIA A. LAICA, ESQ.**
**Attorneys for Plaintiff,**
**SUE F. BLECMAN**

500 Rutherford Avenue Charlestown, Massachusetts 02129  T 617 973 1600  F 617 973 1601  www.phtcorp.com

February 10, 2003

Sue Blecman
809 Kalapati Circle, #326
Carlsbad, CA 92008

Dear Sue:

On behalf of PHT Corporation (the "Company"), I am pleased to confirm our offer of employment, subject to the completion of adequate reference checks. The purpose of this letter is to summarize the terms of your employment with the Company, should you accept our offer. *Reference checks completed 2/11/03 SB*

**Employment.** You will be employed to serve in the position of Account Executive, reporting to me. As such, you will be responsible for the sale of PHT products and services. In addition, you will be responsible for other duties as may from time to time be assigned to you by the Company. *Start date to 2/24/03 SB*

**Compensation.** Your rate of compensation will be $4,166.67 per semi-monthly pay period, which amounts to $100,000 on an annualized basis, less all applicable federal, state and local taxes and withholdings. Your salary may be adjusted from time to time in accordance with normal business practices and in the sole discretion of the Company. Your compensation will also include commissions on a target amount of $1.25 million in services bookings for 2003. Details of commission plan for 2003 will be forthcoming. *Commissions paid monthly. SB*

**Benefits.** You will be eligible to participate in any and all benefit programs that the Company establishes and makes available to its employees from time to time, provided that you are eligible under (and subject to all provisions of) the plan documents governing those programs. Presently, Company benefits include participation in medical and dental insurance, group life insurance, disability insurance, and participation in the Company's 401(k) plan. You will be eligible for a maximum of four (4) weeks of paid time off per year (prorated to your date of hire), which shall accrue at a rate of 13.33 hours of paid time off per month, to include time taken as vacation, sick time, and for personal reasons. In addition, PHT currently observes eight (8) scheduled holidays throughout the year.

**Stock Options.** You will receive a stock option grant for 20,000 shares of the Company's Common Stock, subject to the approval of the Company's Board of Directors. The terms of such stock option will be determined by a stock option agreement, which will reflect an exercise price equal to its fair market value at the date of grant and vesting over four years with cliff vesting for the first year and quarterly vesting thereafter, for so long as you are employed by the Company.

**At-Will Employment.** If you accept the Company's offer of employment, your employment with the Company will be on an "at-will" basis, meaning that either you or the

**PHT** 4/17/01
BOSTON 1356997v1

Company may terminate the employment relationship at any time, for any reason, with or without cause and with or without notice. Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at-will" nature of your employment may only be changed by a written agreement signed by you and an Executive Officer of the Company, which expressly states the intention to modify the at-will nature of your employment.

**Invention, Non-Disclosure and Non-Competition Agreement.** As a condition of your employment, you will be required to execute the Company's Employee Agreement Regarding Inventions, Confidentiality and Non-Competition on your first day of employment.

**Proof of Right to Work.** For purposes of federal immigration law, you will be required to provide the Company with documentary evidence of your identity and eligibility for employment in the United States. Such documentation must be provided to the Company within three (3) business days of your date of hire, or our employment relationship with you may be terminated.

**Company Policies and Procedures.** As an employee of the Company, you will be required to comply with all Company policies and procedures. Violations of the Company's policies may lead to immediate termination of your employment.

**Other Agreements.** You represent that you are not bound by any employment contract, restrictive covenant or other restriction preventing you from entering into employment with or carrying out your responsibilities for the Company, or which is in any way inconsistent with the terms of this letter. *Completed as of 2/11/03 SB*

If you wish to accept this offer, please return a signed original of this letter to this office no later than 5:00 p.m. on February 17, 2003. Please note that this letter constitutes your formal offer of employment and supercedes any prior or contemporaneous verbal or written discussions. This offer, if not accepted on or before February 17, 2003, will expire. Should you have any questions, please feel free to contact me at any time.

Sincerely,

Linda Beneze
Vice President, Sales & Marketing

Accepted and Agreed To:

Sue Blecman

2/11/03
Date



4/17/01
BOSTON 1356997v1



# INCENTIVE COMPENSATION PLAN

# FOR

# ACCOUNT EXECUTIVES

# FISCAL YEAR 2005

PHT Corporation
500 Rutherford Avenue
Charlestown, MA 02129
617-973-1600
www.phtcorp.com

*- PHT Confidential -*

*PI   Incentive Compensation Plan for Sue B   ian*

# Table of Contents

1. **INTRODUCTION** ..................................................................................................3

   1.1. PURPOSE .............................................................................................................3
   1.2. ELIGIBILITY ........................................................................................................3
   1.3. EFFECTIVE DATE ................................................................................................3
   1.4. QUOTA RESPONSIBILITY .....................................................................................3

2. **INCENTIVE PLAN COMPONENTS AND MECHANICS** ...................................4

   2.1. COMMISSION RATES ...........................................................................................4
   2.2. NEW ACCOUNT INCENTIVE .................................................................................4
   2.3. OTHER INCENTIVE AND BONUS COMPONENTS – 100% CLUB ..............................4

3. **INCENTIVE PLAN POLICIES AND PAY PRACTICES** ......................................5

   3.1. NEW HIRES ........................................................................................................5
   3.2. LEAVE OF ABSENCE ............................................................................................5
   3.3. EMPLOYEE SEPARATION .....................................................................................5
   3.4. PAYMENT OF COMMISSION .................................................................................5
   3.5. REFUNDS ............................................................................................................6
   3.6. COMMISSION SPLIT POLICY ................................................................................6
   3.7. PLAN ADMINISTRATION ......................................................................................7

4. **GENERAL** .............................................................................................................8

   4-1 ENTIRE UNDERSTANDING ....................................................................................8
   4-2 SEVERABILITY ....................................................................................................8
   4-3 RIGHT TO MODIFY ..............................................................................................8

   APPENDIX A:  COMPENSATION PLAN ACKNOWLEDGEMENT FORM ......................9

# 1. INTRODUCTION

## 1.1. Purpose

The purpose of the Incentive Compensation Plan is to reward Sales personnel who close and book sales. The Plan will particularly reward those who achieve sales in excess of sales quotas.

The degree to which you are compensated under this plan is highly dependent on the level of your personal performance and your ability to work as a team to ensure customer satisfaction as well as to support PHT's corporate sales goals. The plan not only rewards participants for salesmanship, but for consistent long-term performance as well.

## 1.2. Eligibility

In order to be eligible to participate in the Plan, a Participant must:

(1) be a full-time employee of PHT, employed solely by PHT;

(2) be part of the Global Sales organization as classified by Human Resources and whose primary responsibility is that of selling, as described in the job descriptions.

(3) have executed and be subject to PHT's Non-Competition Agreement; and

(4) have signed, and submitted to the Vice President of Sales and Marketing ("VP of Sales"), the attached Compensation Plan Acknowledgement Form (see Appendix A).

## 1.3. Effective Date

This plan will be in effect for orders booked from January 1, 2005 to December 31, 2005 unless a new written plan is published which specifically supersedes all or part of this Plan or the VP of Sales issues a plan override or amendment. This plan supersedes and cancels all previous sales compensation plans. Any dispute concerning this Plan shall be brought to the attention of the VP of Sales and her decision shall be final and binding.

## 1.4. Quota Responsibility

Service bookings quotas will be assigned by the VP of Sales on an annual basis and/or updated to reflect specific conditions. Quota allocation and account descriptions are identified in the Compensation Plan Acknowledgment form, attached as Appendix A.

Changes to assigned accounts and quota will have to be documented and approved by the VP of Sales. The master list of account assignments is maintained in PHT's sales force automation tool, SALESFORCE.COM. Any change in account assignments requires the written approval of the VP of Sales.

*Incentive Compensation Plan for Sue F~~~~an*

## 2. INCENTIVE PLAN COMPONENTS AND MECHANICS

### 2.1. Commission Rates

The Participant's total compensation package is comprised of base salary and incentive compensation. The Human Resources department is responsible for base salary administration. This document explains the Sales incentive plan component.

**See Appendix A for individual quota and commission rates.**

### 2.2. New Account Incentive

A critical component of PHT sales strategy is to increase the active customer portfolio to allow for a better management of its business and to limit dependency on too few key customers. Therefore, a bonus will be awarded at signature of the first study contract with a new account. A new account is defined as a customer with no contractual agreement with PHT for at least 24 months. This bonus is to be paid only on the first trial, of a given sponsor or its subsidiaries.

The bonus will be paid based upon the criteria as follows:

| Target Margin | Service Booking > $125,000 | Service Booking between $100,000 and $124,999 | Service Booking less than $100,000 |
|---|---|---|---|
| 67% and greater | $4,000 | $2,000 | None |
| 66% | $3,500 | $1,750 | None |
| 65% | $3,000 | $1,500 | None |
| 64% | $2,500 | $1,250 | None |
| 63% | $2,000 | $1,000 | None |
| 62% | $1,500 | $750 | None |
| 61% | $1,000 | $500 | None |
| 60% | $500 | $250 | None |
| 59% and lower | None | None | None |

### Other Incentive and Bonus Components – 100% Club

This is a sales incentive to reward those Account Executives who continuously meet or exceed annual quotas. First year of eligibility is 2003.

| Meet or exceed quota | Compensation |
|---|---|
| 3 of 3 years | 10% of base salary |
| 3 of 4 years | 12% of base salary |
| 4 of 5 years | 15% of base salary |

- In order to earn the bonus for the second or third bracket, you must make at least 90% of your quota for the year that you don't make 100% in order to be eligible.

## 3. INCENTIVE PLAN POLICIES AND PAY PRACTICES

### 3.1. New Hires

For employees hired after January 1, 2005, incentive guidelines will be applied which may include a prorated FY05 quota target. The prorated quota assigned will be determined by the VP of Sales and based upon the number of months on the job, the amount of established business already in the pipeline, the skill level of the job incumbent and other relevant criteria.

### 3.2. Leave of Absence

If you take a medical (including disability) or personal leave of absence you will be given credit for any volume sold prior to the date your leave begins. If other sales personnel become involved in completing any unfinished transactions, your manager will determine the need for shared credit.

### 3.3. Employee Separation

If a Participant voluntarily terminates his or her employment or if PHT terminates the Participant for any reason, PHT will be obligated, subject to all other provisions of the Plan, only for the commissions due resulting from a trigger event, as further defined in Section 3.4 herein, that occurs while the Participant is still a full-time employee of PHT. If a Participant is no longer an employee when a trigger event occurs, no commission will payable to the Participant.

Immediately upon termination of employment, the Participant shall return to PHT all equipment, company property, customer information, documents, correspondence, notes, and other papers or material that belongs to or relates to the business of PHT. The Participant is also bound by the terms of the Non-Competition Agreement that the Participant signed as a condition of employment with the Company.

### 3.4. Payment of Commission

Commissions are only paid for orders accepted by PHT for the sales, license, and/or service of PHT products and services listed on the then current PHT Price List, or as expressly approved by the VP of Sales, on accounts assigned to the Participant.

*Incentive Compensation Plan for Sue P    an*

Orders do not include pass-through charges (such as hardware, telecommunications, shipping, etc.)

Commissions will be earned as follows:

| Triggering Event | Payment Percentage |
|---|---|
| Signature of complete Service Agreement and Statement of Work are required | 50% |
| First Patient In | 50% |

Incentive compensation payments will be made via standard payroll practices on a monthly basis, in the month following the triggering event as described above. Payments will be subject to normal tax withholding. However, for any services booking that exceeds $1M, the company reserves the right to pay commissions for such a booking based upon the receipt of cash from the customer. The payment on a cash basis is predicated upon a completed services agreement and Statement of Work. Furthermore, monetary rewards resulting from sales contests are considered income to the recipient and will be included as taxable compensation.

### 3.5. Refunds

If PHT issues a service credit or refunds all or part of a payment to a customer for any reason PHT will automatically deduct the amount of the commission refund from commissions subsequently earned by the Participant until payment in full is received for the refund. If PHT is unable to recoup the full amount of the commission upon the termination of the Participant's employment with the Company, then the Participant will be required to provide the Company with a personal check for the balance owed. Any credit or refund will result in the readjustment of any commissions from any higher commission rate or other sales compensation that previously was earned prior to the credit or refund.

### 3.6. Commission Split Policy

Frequently, the sale of PHT products and services will require cooperation among management and sales staff. PHT encourages such cooperation to maximize the many talents of its sales staff, to optimize the Company's resources and to provide the best possible service to customers. PHT has implemented this Commission Split Policy to govern the allocation of compensation in these situations and to attempt to acknowledge certain activities in the sales cycle.

Because every sale is unique and the utilization of resources is governed by the circumstances of the particular sale, the proposal for allocation of compensation will be made by the VP of Sales for approval.

In the case of sales to Contract Research Organizations (CROs), the commission split will be made as follows:

| Achievement | Compensation |
|---|---|
| CRO contracting with a PHT named account | Commissions and booking amount are to be evenly split.  This includes splitting the commission and booking amount for out of scopes on services.  Should subsequent studies be sold, the commissions will continue to be split. |
| CRO contracting with a non-PHT named account | 100% to AE who manages the CRO |

## 3.7.  Plan Administration

In the event of a question regarding a volume credit, calculation or any other matter concerning the Plan, you will have 60 days to document and present to the VP of Sales, who will review and make the final decision within 30 days of receipt of the documentation.

PHT reserves the right to modify or adjust the Plan at any time at its sole discretion.  All questions concerning credit for sales incentives will be decided by the Vice President, Sales and Marketing and the decision will be deemed final.

This Compensation Plan is not an employment contract. The Participant's employment with PHT is "at will".  Nothing in this Plan is intended to change or modify the "at will" status.  As an "at will" employee, either Participant or PHT may terminate the employment relationship at any time and for any reason with or without notice.

No commission will be considered earned or payable until an approved Statement of Work and Master Service Agreement or Individual Service Agreement is executed by all required signatories.

Any service booking that is subject to future deliverables will not be given commission or quota credit if the Financial Accounting Standard Board (FASB), American Institute of Certified Public Accountants (AICPA) and/or the Securities Exchange Commission (SEC) regulations preclude revenue recognition, until such time as the deliverable is fulfilled. Any service booking that has extended payment terms will not be given commission or quota credit if the previously noted regulations preclude revenue recognition until it is billable.

*- Incentive Compensation Plan for Sue Ryan -*

Orders do not include:

- Pass-through charges (such as telecommunications, shipping, etc.)
- Hardware, including but not limited to LogPads and Telecradles

Commissionable services orders will be based upon PHT Service bookings, net of discounts and cancellations, with commission payments for such orders being predicated upon receipt and acknowledgement by the Company of the appropriate customer executed contracts and documents.

The Company reserves the right to accept and reject orders for its products, set and modify prices and discounts for its products, and otherwise make all decisions with respect to the Company's business.

## 4.    GENERAL

### 4-1 Entire Understanding

This Plan, including the Compensation Plan Acknowledgement Form, constitutes the entire understanding between the parties regarding the payment of commissions or any other type of incentive payment, and it supercedes any and all prior agreements or understandings, whether oral or written, express or implied, on such subject matter.

### 4-2 Severability

If any provision of this Plan shall for any reason be held invalid, illegal or unenforceable by a court or tribunal of competent jurisdiction, this Plan shall be deemed severable and such invalidity, illegality or unenforceability shall not affect any other provision of this Plan which shall be enforced in accordance with the intent of this Plan.

### 4-3 Right to Modify

The Company reserves the right to modify, amend or terminate this plan at any time by written notice to the Participant.

*FY... Incentive Compensation Plan for Sue E... ...an. -*

## APPENDIX A:  COMPENSATION PLAN ACKNOWLEDGEMENT FORM

**Name: Sue Blecman**

**FY 2005 Quota: 2.0M**

|  |  |
|---|---|
| Service bookings from 0% up to 50% of assigned annual quota* | 4% |
| Service bookings from 51% to 100% of annual quota* | 5% |
| Overquota | 5.5% |
| Out of scope – services only | 2% |

* New trials only, excludes Out-of-Scopes (OOS)

By my signature below, I represent that I have read the FY05 Incentive Compensation Plan Document and that I fully understand and agree to the terms and conditions established by the Plan. I acknowledge that by entering into this Plan, I am not relying on any representation, promise or inducement made by the Company or its managers, with the exception of the express terms and conditions set forth in the Plan.

Employee Name: _Sue Blecman_

Employee Signature: _Sue Blecman_       Date: _1/21/05_

VP of Sales Name: _Linda Bereze_

VP of Sales Signature: _Linda Y Bereze_       Date: _1/21/05_



# INCENTIVE COMPENSATION PLAN

# FOR

# ACCOUNT EXECUTIVES

# FISCAL YEAR 2006

PHT Corporation
500 Rutherford Avenue
Charlestown, MA 02129
617-973-1600
www.phtcorp.com

*- PHT Confidential -*

# Table of Contents

1. INTRODUCTION ......................................................... ERROR! BOOKMARK NOT DEFINED.

   1.1.   PURPOSE .................................................................. ERROR! BOOKMARK NOT DEFINED.
   1.2.   ELIGIBILITY ............................................................ ERROR! BOOKMARK NOT DEFINED.
   1.3.   EFFECTIVE DATE ..................................................... ERROR! BOOKMARK NOT DEFINED.
   1.4.   QUOTA RESPONSIBILITY ....................................... ERROR! BOOKMARK NOT DEFINED.

2. INCENTIVE PLAN COMPONENTS AND MECHANICS ..... ERROR! BOOKMARK NOT DEFINED.

   2.1.   COMMISSION RATES ............................................... ERROR! BOOKMARK NOT DEFINED.
   2.2.   NEW ACCOUNT INCENTIVE ...................................... ERROR! BOOKMARK NOT DEFINED.
   2.3.   OTHER INCENTIVE AND BONUS COMPONENTS – 100% CLUB ......... ERROR! BOOKMARK NOT DEFINED.

3. INCENTIVE PLAN POLICIES AND PAY PRACTICES ....... ERROR! BOOKMARK NOT DEFINED.

   3.1.   NEW HIRES ............................................................. ERROR! BOOKMARK NOT DEFINED.
   3.2.   LEAVE OF ABSENCE ................................................ ERROR! BOOKMARK NOT DEFINED.
   3.3.   EMPLOYEE SEPARATION .......................................... ERROR! BOOKMARK NOT DEFINED.
   3.4.   PAYMENT OF COMMISSION ...................................... ERROR! BOOKMARK NOT DEFINED.
   3.5.   REFUNDS ................................................................ ERROR! BOOKMARK NOT DEFINED.
   3.6.   COMMISSION SPLIT POLICY .................................... ERROR! BOOKMARK NOT DEFINED.
   3.7.   PARTNER SALES ..................................................... ERROR! BOOKMARK NOT DEFINED.
   3.8.   PLAN ADMINISTRATION .......................................... ERROR! BOOKMARK NOT DEFINED.

4. GENERAL ................................................................ ERROR! BOOKMARK NOT DEFINED.

   4.1.   ENTIRE UNDERSTANDING ........................................ ERROR! BOOKMARK NOT DEFINED.
   4.2.   SEVERABILITY ....................................................... ERROR! BOOKMARK NOT DEFINED.
   4.3.   RIGHT TO MODIFY .................................................. ERROR! BOOKMARK NOT DEFINED.

APPENDIX A:  COMPENSATION PLAN ACKNOWLEDGEMENT FORM ERROR! BOOKMARK NOT DEFINED.

*Incentive Compensation Plan for Sue Hannan*

# 1. INTRODUCTION

### 1.1. Purpose

The purpose of the Incentive Compensation Plan is to reward Sales personnel who close and book sales. The Plan will particularly reward those who achieve sales in excess of sales quotas.

The degree to which you are compensated under this plan is highly dependent on the level of your personal performance and your ability to work as a team to ensure customer satisfaction as well as to support PHT's corporate sales goals. The plan not only rewards participants for salesmanship, but for consistent long-term performance as well.

### 1.2. Eligibility

In order to be eligible to participate in the Plan, a Participant must:

(1) be a full-time employee of PHT, employed solely by PHT;

(2) be part of the Global Sales organization as classified by Human Resources and whose primary responsibility is that of selling, as described in the job descriptions.

(3) have executed and be subject to PHT's Non-Competition Agreement; and

(4) have signed, and submitted to the Vice President of Sales, Marketing and Client Services("VP of Sales"), the attached Compensation Plan Acknowledgement Form (see Appendix A).

### 1.3. Effective Date

This plan will be in effect for orders booked from January 1, 2006 to December 31, 2006 unless a new written plan is published which specifically supersedes all or part of this Plan or the VP of Sales issues a plan override or amendment. This plan supersedes and cancels all previous sales compensation plans. Any dispute concerning this Plan shall be brought to the attention of the VP of Sales and her decision shall be final and binding.

### 1.4. Quota Responsibility

Service bookings quotas will be assigned by the VP of Sales on an annual basis and/or updated to reflect specific conditions. Quota allocation and account descriptions are identified in the Compensation Plan Acknowledgment form, attached as Appendix A.

Changes to assigned accounts and quota will have to be documented and approved by the VP of Sales. The master list of account assignments is maintained in PHT's sales force automation tool, SALESFORCE.COM. Any change in account assignments requires the written approval of the VP of Sales.

## 2. INCENTIVE PLAN COMPONENTS AND MECHANICS

### 2.1. Commission Rates

The Participant's total compensation package is comprised of base salary and incentive compensation. The Human Resources department is responsible for base salary administration. This document explains the Sales incentive plan component.  See Appendix A for **individual quota and commission rates.**

### 2.2. New Account Incentive

A critical component of PHT sales strategy is to increase the active customer portfolio to allow for a better management of its business and to limit dependency on too few key customers. Therefore, a bonus will be awarded at signature of the first study contract with a new account. A new account is defined as a customer with no contractual agreement with PHT for at least 24 months. This bonus is to be paid only on the first trial where a bonus has not previously been paid in the last 24 months, of a given sponsor or its subsidiaries.

The bonus will be paid based upon the criteria as follows:

| Target Margin | Service Booking > $125,000 | Service Booking between $100,000 and $124,999 | Service Booking less than $100,000 |
|---|---|---|---|
| 67% and greater | $4,000 | $2,000 | None |
| 66% | $3,500 | $1,750 | None |
| 65% | $3,000 | $1,500 | None |
| 64% | $2,500 | $1,250 | None |
| 63% | $2,000 | $1,000 | None |
| 62% | $1,500 | $750 | None |
| 61% | $1,000 | $500 | None |
| 60% | $500 | $250 | None |
| 59% and lower | None | None | None |

### Other Incentive and Bonus Components – 100% Club

This is a sales incentive to reward those Account Executives who continuously meet or exceed annual quotas.  First year of eligibility is 2003.

| Meet or exceed quota | Compensation |
|---|---|
| 3 of 3 years | 10% of base salary |
| 3 of 4 years | 12% of base salary |
| 4 of 5 years | 15% of base salary |

*P      ncentive Compensation Plan for Sue I      an*

- In order to earn the bonus for the second or third bracket, you must make at least 90% of your quota for the year that you don't make 100% in order to be eligible.

## 3. INCENTIVE PLAN POLICIES AND PAY PRACTICES

### 3.1. New Hires

For employees hired after January 1, 2006, incentive guidelines will be applied which may include a prorated FY06 quota target. The prorated quota assigned will be determined by the VP of Sales and based upon the number of months on the job, the amount of established business already in the pipeline, the skill level of the job incumbent and other relevant criteria.

### 3.2. Leave of Absence

If you take a medical (including disability) or personal leave of absence you will be given credit for any volume sold prior to the date your leave begins. If other sales personnel become involved in completing any unfinished transactions, your manager will determine the need for shared credit.

### 3.3. Employee Separation

If a Participant voluntarily terminates his or her employment or if PHT terminates the Participant for any reason, PHT will be obligated, subject to all other provisions of the Plan, only for the commissions due resulting from a trigger event, as further defined in Section 3.4 herein that occurs while the Participant is still a full-time employee of PHT. If a Participant is no longer an employee when a trigger event occurs, no commission will be payable to the Participant.

Immediately upon termination of employment, the Participant shall return to PHT all equipment, company property, customer information, documents, correspondence, notes, and other papers or material that belongs to or relates to the business of PHT. The Participant is also bound by the terms of the Non-Competition Agreement that the Participant signed as a condition of employment with the Company.

### 3.4. Payment of Commission

Commissions are only paid for orders accepted by PHT for the sales, license, and/or service of PHT products and services on accounts assigned to the Participant.

Orders do not include pass-through charges (such as hardware, telecommunications, shipping, etc.)

Commissions will be earned as follows:

| Triggering Event | Payment Percentage |
|---|---|
| Signature of complete Service Agreement and Statement of Work are required | 50% |
| First Patient In | 50% |

Incentive compensation payments will be made via standard payroll practices on a monthly basis, in the month following the triggering event as described above. Payments will be subject to normal tax withholding. However, for any services booking that exceeds $1M, the company reserves the right to pay commissions for such a booking based upon the receipt of cash from the customer. The payment on a cash basis is predicated upon a completed services agreement and Statement of Work. Furthermore, monetary rewards resulting from sales contests are considered income to the recipient and will be included as taxable compensation.

### 3.5. Refunds

If PHT issues a service credit or refunds all or part of a payment to a customer for any reason PHT will automatically deduct the amount of the commission refund from commissions subsequently earned by the Participant until payment in full is received for the refund. If PHT is unable to recoup the full amount of the commission upon the termination of the Participant's employment with the Company, then the Participant will be required to provide the Company with a personal check for the balance owed. Any credit or refund will result in the readjustment of any commissions from any higher commission rate or other sales compensation that previously was earned prior to the credit or refund.

### 3.6. Commission Split Policy

Frequently, the sale of PHT products and services will require cooperation among management and sales staff. PHT encourages such cooperation to maximize the many talents of its sales staff, to optimize the Company's resources and to provide the best possible service to customers. PHT has implemented this Commission Split Policy to govern the allocation of compensation in these situations and to attempt to acknowledge certain activities in the sales cycle.

Because every sale is unique and the utilization of resources is governed by the circumstances of the particular sale, the proposal for allocation of compensation will be made by the VP of Sales for approval.

In the case of sales to Contract Research Organizations (CROs), the commission split will be made as follows:

*- P    ncentive Compensation Plan for Sue I    an -*

| Achievement | Compensation |
|---|---|
| CRO contracting with a PHT named account | Commissions and booking amount are to be evenly split. This includes splitting the commission and booking amount for out of scopes on services. Should subsequent studies be sold, the commissions will continue to be split. |
| CRO contracting with a non-PHT named account | 100% to AE who manages the CRO |

## 3.7.  Partner Sales

For any sales that an Account Executive formally provides the lead to a partner, and PHT gains a finders fee for, the Account Executive will be entitled to credit for the sale per the amount paid to PHT and the current commission rates will apply.

## 3.8.  Plan Administration

In the event of a question regarding a volume credit, calculation or any other matter concerning the Plan, you will have 60 days to document and present to the VP of Sales, who will review and make the final decision within 30 days of receipt of the documentation.

PHT reserves the right to modify or adjust the Plan at any time at its sole discretion. All questions concerning credit for sales incentives will be decided by the Vice President, Sales and Marketing and the decision will be deemed final.

This Compensation Plan is not an employment contract. The Participant's employment with PHT is "at will". Nothing in this Plan is intended to change or modify the "at will" status.  As an "at will" employee, either Participant or PHT may terminate the employment relationship at any time and for any reason with or without notice.

No commission will be considered earned or payable until an approved Statement of Work and Master Service Agreement or Individual Service Agreement is executed by all required signatories.

Any service booking that is subject to future deliverables will not be given commission or quota credit if the Financial Accounting Standard Board (FASB), American Institute of Certified Public Accountants (AICPA) and/or the Securities Exchange Commission (SEC) regulations preclude revenue recognition, until such time as the deliverable is fulfilled. Any service booking that has extended payment terms will not be given commission or quota credit if the previously noted regulations preclude revenue recognition until it is billable.

Orders do not include:

- Pass-through charges (such as telecommunications, shipping, etc.)
- Hardware, including but not limited to LogPads, Telecradles, eSense Medical Devices or hub and send units

Commissionable services orders will be based upon PHT Service bookings, net of discounts and cancellations, with commission payments for such orders being predicated upon receipt and acknowledgement by the Company of the appropriate customer executed contracts and documents.

The Company reserves the right to accept and reject orders for its products, set and modify prices and discounts for its products, and otherwise make all decisions with respect to the Company's business.

## 4.    GENERAL

### 4.1. Entire Understanding

This Plan, including the Compensation Plan Acknowledgement Form, constitutes the entire understanding between the parties regarding the payment of commissions or any other type of incentive payment, and it supercedes any and all prior agreements or understandings, whether oral or written, express or implied, on such subject matter.

### 4.2. Severability

If any provision of this Plan shall for any reason be held invalid, illegal or unenforceable by a court or tribunal of competent jurisdiction, this Plan shall be deemed severable and such invalidity, illegality or unenforceability shall not affect any other provision of this Plan which shall be enforced in accordance with the intent of this Plan.

### 4.3. Right to Modify

The Company reserves the right to modify, amend or terminate this plan at any time by written notice to the Participant.

## APPENDIX A:  COMPENSATION PLAN ACKNOWLEDGEMENT FORM

**Name: Sue Blecman/Account Executive**

**2006 Quota:  $3,000,000**

| Booking | Commission Rate for $3.0M Quota |
|---|---|
| Service bookings from 0% up to 50% of assigned annual quota* | 3.5% |
| Service bookings from 51% to 100% of annual quota* | 4.5% |
| Over quota | 5.5% |
| Out of scope – services only | 2% |

By my signature below, I represent that I have read the FY06 Incentive Compensation Plan Document and that I fully understand and agree to the terms and conditions established by the Plan.  I acknowledge that by entering into this Plan, I am not relying on any representation, promise or inducement made by the Company or its managers, with the exception of the express terms and conditions set forth in the Plan.

Employee Name:    Sue Blecman

Employee Signature: _____    Date: _____

VP of Sales Signature: _____    Date: _____



# INCENTIVE COMPENSATION PLAN

# FOR

# ACCOUNT EXECUTIVES

# FISCAL YEAR 2007

PHT Corporation
500 Rutherford Avenue
Charlestown, MA 02129
617-973-1600
www.phtcorp.com

*- PHT Confidential -*

## Table of Contents

1. INTRODUCTION ...................................................................................................... 3
   1.1. PURPOSE ................................................................................................................ 3
   1.2. ELIGIBILITY .......................................................................................................... 3
   1.3. EFFECTIVE DATE ................................................................................................. 3
   1.4. QUOTA RESPONSIBILITY .................................................................................. 3

2. INCENTIVE PLAN COMPONENTS AND MECHANICS ................................... 4
   2.1. COMMISSION RATES .......................................................................................... 4
   2.2. NEW ACCOUNT INCENTIVE .............................................................................. 4
   2.3. OTHER INCENTIVE AND BONUS COMPONENTS – 100% CLUB .................. 4

3. INCENTIVE PLAN POLICIES AND PAY PRACTICES ..................................... 5
   3.1. NEW HIRES ........................................................................................................... 5
   3.2. LEAVE OF ABSENCE ........................................................................................... 5
   3.3. EMPLOYEE SEPARATION .................................................................................. 5
   3.4. PAYMENT OF COMMISSION ............................................................................. 6
   3.5. REFUNDS ............................................................................................................... 7
   3.6. COMMISSION SPLIT POLICY ............................................................................ 7
   3.7. PLAN ADMINISTRATION ............................ ERROR! BOOKMARK NOT DEFINED.

4. GENERAL ................................................................................................................ 9
   4-1 ENTIRE UNDERSTANDING .................................................................................. 9
   4-2 SEVERABILITY ...................................................................................................... 10
   4-3 RIGHT TO MODIFY ............................................................................................... 10

APPENDIX A:  COMPENSATION PLAN ACKNOWLEDGEMENT FORM ................ 11

## 1. INTRODUCTION

### 1.1. Purpose

The purpose of the Incentive Compensation Plan is to reward Sales personnel who close and book sales. The Plan will particularly reward those who achieve sales in excess of sales quotas.

The degree to which you are compensated under this plan is highly dependent on the level of your personal performance and your ability to work as a team to ensure customer satisfaction as well as to support PHT's corporate sales goals. The plan not only rewards participants for salesmanship, but for consistent long-term performance as well.

### 1.2. Eligibility

In order to be eligible to participate in the Plan, a Participant must:

(1) be a full-time employee of PHT, employed solely by PHT;

(2) be part of the Global Sales organization as classified by Human Resources and whose primary responsibility is that of selling, as described in the job descriptions.

(3) have executed and be subject to PHT's Non-Competition Agreement; and

(4) have signed, and submitted to the Vice President of Sales, Marketing and Client Services("VP of Sales"), the attached Compensation Plan Acknowledgement Form (see Appendix A).

### 1.3. Effective Date

This plan will be in effect for orders booked from January 1, 2007 to December 31, 2007 unless a new written plan is published which specifically supersedes all or part of this Plan or the VP of Sales issues a plan override or amendment. This plan supersedes and cancels all previous sales compensation plans. Any dispute concerning this Plan shall be brought to the attention of the VP of Sales and her decision shall be final and binding.

### 1.4. Quota Responsibility

Service bookings quotas will be assigned by the VP of Sales on an annual basis and/or updated to reflect specific conditions. Quota allocation and account descriptions are identified in the Compensation Plan Acknowledgment form, attached as Appendix A.

Changes to assigned accounts and quota will have to be documented and approved by the VP of Sales. The master list of account assignments is maintained in PHT's sales force automation tool, SALESFORCE.COM. Any change in account assignments requires the written approval of the VP of Sales.

*PHT Incentive Compensation Plan*

## 2.  INCENTIVE PLAN COMPONENTS AND MECHANICS

### 2.1. Commission Rates

The Participant's total compensation package is comprised of base salary and incentive compensation.  The Human Resources department is responsible for base salary administration.  This document explains the Sales incentive plan component.  See Appendix A for individual quota and commission rates.

### 2.2. New Account Incentive

A critical component of PHT sales strategy is to increase the active customer portfolio to allow for a better management of its business and to limit dependency on too few key customers. Therefore, a bonus will be awarded at signature of the first study contract with a new account. A new account is defined as a customer with no contractual agreement with PHT for at least 24 months. This bonus is to be paid only on the first trial where a bonus has not previously been paid in the last 24 months, of a given sponsor or its subsidiaries.

The bonus will be paid based upon the criteria as follows:

| Target Margin | Service Booking > $125,000 | Service Booking between $100,000 and $124,999 | Service Booking less than $100,000 |
|---|---|---|---|
| 67% and greater | $4,000 | $2,000 | None |
| 66% | $3,500 | $1,750 | None |
| 65% | $3,000 | $1,500 | None |
| 64% | $2,500 | $1,250 | None |
| 63% | $2,000 | $1,000 | None |
| 62% | $1,500 | $750 | None |
| 61% | $1,000 | $500 | None |
| 60% | $500 | $250 | None |
| 59% and lower | None | None | None |

### Other Incentive and Bonus Components – 100% Club

This is a sales incentive to reward those Account Executives who continuously meet or exceed annual quotas.  First year of eligibility is 2003.

| Meet or exceed quota | Compensation |
|---|---|
| 3 of 3 years | 10% of base salary |
| 3 of 4 years | 12% of base salary |
| 4 of 5 years | 15% of base salary |

- In order to earn the bonus for the second or third bracket, you must make at least 90% of your quota for the year that you don't make 100% in order to be eligible.

For Account Executives hired after January 1, 2004 the following schedule will apply:

| Meet or exceed quota | Compensation |
|---|---|
| 3 of 3 years | 10% of base salary |
| 3 of 4 years | 7.5% of base salary |
| 4 of 4 years | 12.5% of base salary |
| 4 of 5 years | 10% of base salary |

- In order to earn the bonus for the second or fourth bracket, you must make at least 90% of your quota for the year that you don't make 100% in order to be eligible.

## 3. INCENTIVE PLAN POLICIES AND PAY PRACTICES

### 3.1. New Hires

For employees hired after January 1, 2007, incentive guidelines will be applied which may include a prorated FY07 quota target. The prorated quota assigned will be determined by the VP of Sales and based upon the number of months on the job, the amount of established business already in the pipeline, the skill level of the job incumbent and other relevant criteria.

### 3.2. Leave of Absence

If you take a medical (including disability) or personal leave of absence you will be given credit for any volume sold prior to the date your leave begins. If other sales personnel become involved in completing any unfinished transactions, your manager will determine the need for shared credit.

### 3.3. Employee Separation

If a Participant voluntarily terminates his or her employment or if PHT terminates the Participant for any reason, PHT will be obligated, subject to all other provisions of the

Plan, only for the commissions due resulting from a trigger event, as further defined in Section 3.4 herein, that occurs while the Participant is still a full-time employee of PHT. If a Participant is no longer an employee when a trigger event occurs, no commission will be payable to the Participant.

Immediately upon termination of employment, the Participant shall return to PHT all equipment, company property, customer information, documents, correspondence, notes, and other papers or material that belongs to or relates to the business of PHT. The Participant is also bound by the terms of the Non-Competition Agreement that the Participant signed as a condition of employment with the Company.

### 3.4. Payment of Commission

Commissions are only paid for orders accepted by PHT for the sales, license, and/or service of PHT products and services on accounts assigned to the Participant.

Commissions will be earned as follows:

| Triggering Event | Payment Percentage |
|---|---|
| Signature of complete Service Agreement and Statement of Work are required | 50% |
| First Patient In | 50% |

Incentive compensation payments will be made via standard payroll practices on a monthly basis, in the month following the triggering event as described above. Payments will be subject to normal tax withholding. However, for any services booking that exceeds $1M, the company reserves the right to pay commissions for such a booking based upon the receipt of cash from the customer. The payment on a cash basis is predicated upon a completed services agreement and Statement of Work.. Furthermore, monetary rewards resulting from sales contests are considered income to the recipient and will be included as taxable compensation.

Commissions are not fully earned on orders until PHT Corporation completes all of the following:

- Recognizes Revenue,
- Delivers according to Contract, and
- Payment is received in full

## 3.5. Refunds

If PHT issues a service credit or refunds all or part of a payment to a customer for any reason PHT will automatically deduct the amount of the commission refund from commissions subsequently earned by the Participant until payment in full is received for the refund. If PHT is unable to recoup the full amount of the commission upon the termination of the Participant's employment with the Company, then the Participant will be required to provide the Company with a personal check for the balance owed  Any credit or refund will result in the readjustment of any commissions from any higher commission rate or other sales compensation that previously was earned prior to the credit or refund.

## 3.6. Commission Split Policy

Frequently, the sale of PHT products and services will require cooperation among management and sales staff. PHT encourages such cooperation to maximize the many talents of its sales staff, to optimize the Company's resources and to provide the best possible service to customers. PHT has implemented this Commission Split Policy to govern the allocation of compensation in these situations and to attempt to acknowledge certain activities in the sales cycle.

Because every sale is unique and the utilization of resources is governed by the circumstances of the particular sale, the proposal for allocation of compensation will be made by the VP of Sales for approval.

In the case of sales to Contract Research Organizations (CROs), the commission split will be made as follows:

| Achievement | Compensation |
|---|---|
| CRO partner or technology partner contracting with a PHT named account | Booking amount is evenly split, and commissions will be paid accordingly on this amount. This is inclusive of out of scopes associated with the opportunity. |
| CRO partner or technology partner contracting with a non-PHT named account and not currently in an AE's pipeline. | 100% to Director, Strategic Partnerships |

*PHT Incentive Compensation Plc*

| Achievement | Compensation |
|---|---|
| CRO non-partner identifies lead that is not currently in the pipeline. | If Director, Strategic Partners puts opportunity in pipeline, it is an even split with the AE who covers the named account, regardless of where it is contracted. |
| CRO partner or technology partner identifies lead that is already in the pipeline. | Director, Strategic Partnerships will only receive 50% if it is contracted through partner. |
| Global AE's covering the named account in addition to having a partner component. | The commission will be split three ways; 33 and 1/3 percent each. |
| Standard contract utilizes International Partner Services, ie. Japanese Help Desk | Account Executive responsible for the Named Account receives 70% of the booking value, the Director of Strategic Partnerships responsible for the partner, receives 30%. |

## 3.7. Partner Sales

For any sales that sales personnel formally provides the lead to a partner, and PHT gains a finders fee for, the finder's fee will be added to the sales personnel's booking number.

## 3.8. Plan Administration

In the event of a question regarding a volume credit, calculation or any other matter concerning the Plan, you will have 60 days to document and present to the VP of Sales, who will review and make the final decision within 30 days of receipt of the documentation.

PHT reserves the right to modify or adjust the Plan at any time at its sole discretion. All questions concerning credit for sales incentives will be decided by the Vice President, Sales and Marketing and the decision will be deemed final.

This Compensation Plan is not an employment contract. The Participant's employment with PHT is "at will". Nothing in this Plan is intended to change or modify the "at will" status. As an "at will" employee, either Participant or PHT may terminate the employment relationship at any time and for any reason with or without notice.

No commission will be considered earned or payable until an approved Statement of Work and Master Service Agreement or Individual Service Agreement is executed by all required signatories.

Any service booking that is subject to future deliverables will not be given commission or quota credit if the Financial Accounting Standard Board (FASB), American Institute of Certified Public Accountants (AICPA) and/or the Securities Exchange Commission (SEC) regulations preclude revenue recognition, until such time as the deliverable is fulfilled. Any service booking that has extended payment terms will not be given commission or quota credit if the previously noted regulations preclude revenue recognition until it is billable.

Orders do not include:

- Pass-through charges (such as telecommunications, shipping, etc.)
- Hardware, including but not limited to LogPads, Telecradles, eSense Medical Devices or hub and send units
- Partner Services, ie. ePharma Learning Services

Commissionable services orders will be based upon PHT Service bookings, net of discounts and cancellations, with commission payments for such orders being predicated upon receipt and acknowledgement by the Company of the appropriate customer executed contracts and documents.

The Company reserves the right to accept and reject orders for its products, set and modify prices and discounts for its products, and otherwise make all decisions with respect to the Company's business.

## 4.   GENERAL

### 4.1. Entire Understanding

This Plan, including the Compensation Plan Acknowledgement Form, constitutes the entire understanding between the parties regarding the payment of commissions or any other type of incentive payment, and it supercedes any and all prior agreements or understandings, whether oral or written, express or implied, on such subject matter.

*PHT Incentive Compensation Pl*

## 4.2. Severability

If any provision of this Plan shall for any reason be held invalid, illegal or unenforceable by a court or tribunal of competent jurisdiction, this Plan shall be deemed severable and such invalidity, illegality or unenforceability shall not affect any other provision of this Plan which shall be enforced in accordance with the intent of this Plan.

## 4.3. Right to Modify

The Company reserves the right to modify, amend or terminate this plan at any time by written notice to the Participant.

## APPENDIX A: COMPENSATION PLAN ACKNOWLEDGEMENT FORM

**Name: Sue Bleeman/Account Executive**

**2007 Quota: $3,000,000**

| Booking | Commission Rate for $3M Quota |
|---|---|
| Service bookings from 0% up to 50% of assigned annual quota* | 3.5% |
| Service bookings from 51% to 100% of annual quota* | 4.5% |
| Over quota | 6% |
| Out of scope -- services only | 2% |

By my signature below, I represent that I have read the FY07 Incentive Compensation Plan Document and that I fully understand and agree to the terms and conditions established by the Plan. I acknowledge that by entering into this Plan, I am not relying on any representation, promise or inducement made by the Company or its managers, with the exception of the express terms and conditions set forth in the Plan.

Employee Name: _Sue Blecman_

Employee Signature: _[signature]_           Date: _1/21/07_

VP of Sales Signature: _Linda Beneze_       Date: _2/2/07_

# August

| August | Contract Type | Execution (Signature) Date | Contract Amount | Commission Rate per Comp Plan | Payout due per | New Customer Bonus Due | TOTAL Commission & Bonus | TOTAL Commission & Bonus Paid | TOTAL Commission & Bonus Due |
|---|---|---|---|---|---|---|---|---|---|
| CrystalGenomics | New Trial | 15-May | $340,375 | 3.5% | $11,913.13 | $4,000 | $15,913.13 | $7,956.56 | $7,956.56 |
| Caphis C212 | New Trial | 15-Jul | $232,125 | 3.5% | $8,124.38 | $4,000 | $12,124.38 | $6,062.19 | $6,062.19 |
| YTD Territory Sales thru July | | | $1,420,625 | | | | | | $0.00 |
| Jazz Pharmaceuticals JZP 008 Amend. #9 | Amendment | 9-Aug | $969 | 2.0% | $19.38 | | $19.38 | $0.00 | $19.38 |
| Jazz Pharmaceuticals JZP 008 Amend. #6 | Amendment | 9-Aug | $2,907 | 2.0% | $58.14 | | $58.14 | $0.00 | $58.14 |
| Valeant/PRA ($421,189) up to $1.5 Million | New Trial | 9-Aug | $75,499 | 3.5% | $2,642.47 | $2,000 | $4,642.47 | $0.00 | $4,642.47 |
| Total Sales YTD (new commission rate at $1.5M) | | | $1,500,000 | | | | | | $0.00 |
| Remainder Valeant/PRA over $1.5 Million (new comm. rate) | New Trial | 10-Aug | $345,690 | 4.5% | $15,556.05 | | $15,556.05 | $0.00 | $15,556.05 |
| MAP 301 ($1,234,983) up to $3 Million | New Trial | 10-Aug | $1,154,310 | 4.5% | $51,943.95 | $4,000 | $55,943.95 | $0.00 | $55,943.95 |
| Total Sales YTD over $3 Million (new commission rate at $3.0M) | | | $3,000,000 | | | | | | $0.00 |
| MAP 301 over $3 Million (new comm. rate) | New Trial | | $80,673 | 6.0% | $4,840.38 | | $4,840.38 | $0.00 | $4,840.38 |
| MAP 302 | New Trial | 10-Aug | $335,665 | 6.0% | $20,139.30 | | $20,139.30 | $0.00 | $20,139.30 |
| Jazz 010 Open Label Amend. #6 | Amendment | 16-Aug | $3,876 | 2.0% | $77.52 | | $77.52 | $0.00 | $77.52 |
| XenoPort XP-057 | New Trial | 16-Aug | $217,916 | 6.0% | $13,074.96 | | $13,074.96 | $0.00 | $13,074.96 |
| XenoPort XP-055 | New Trial | 19-Aug | $213,990 | 6.0% | $12,839.40 | | $12,839.40 | $0.00 | $12,839.40 |
| Jazz JZP 010 Amend. #7 | Amendment | 23-Aug | $14,050 | 2.0% | $281.00 | | $281.00 | $0.00 | $281.00 |
| Phil Your Funnel Contest (winners announced 8/20/2007) | | | | | $2,500.00 | | $2,500.00 | $0.00 | $2,500.00 |
| Commission/Bonus/Contest TOTAL | | | $3,866,160 | | $144,010 | $14,000 | $158,010 | $14,018.75 | $143,991.30 |

*(handwritten at top right)* 6-9-10-0-90 / 3:00pm

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PHT CORPORATION, A Delaware corporation, DOES 1-07, inclusive

**ENDORSED**

2008 JUN -4 P 1: 20

*FOR ... CLERK OF THE SUPERIOR COURT*
*COUNTY OF SANTA CLARA, CALIFORNIA*
*BY ....*
*DEPUTY CLERK*

*Wendel*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SUE F. BLECMAN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response.  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Santa Clara, Downtown Superior Court.<br>191 North First Street, San Jose, California 95113 | CASE NUMBER:<br>*(Número del Caso)*<br>1 0 8 C V 1 1 4 0 7 6 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CYNTHIA A. LAICA - CSBN 244301  -  HALLMARK LAW FIRM
11440 West Bernardo Court, Suite 300, San Diego, California 92127

| DATE:  JUN - 4 2008<br>*(Fecha)* | Kiri Torre<br>Chief Executive Officer/Clerk  Clerk, by _____ *D. Wendel* , Deputy<br>*(Secretario)*  *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: PHT Corporation, a Delaware Corporation

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc. | www.USCourtForms.com |
|---|---|---|

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

CASE NUMBER: _____

**Superior Court of California, County of Santa Clara**
**191 N. First St., San Jose, CA 95113**

1 0 8 C V 1 1 4 0 7 6

## READ THIS ENTIRE FORM

_PLAINTIFFS_ (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the _Complaint_, _Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

_DEFENDANTS_ (The person(s) being sued):  You must do each of the following to protect your rights:

1.  You must file a written response to the _Complaint_, in the Clerk's Office of the Court, within 30 days of the date the _Summons_ and _Complaint_ were served on you;
2.  You must send a copy of your written response to the plaintiff; and
3.  You must attend the first Case Management Conference.

   **Warning:  If you do not do these three things, you may automatically lose this case.**

_RULES AND FORMS:_  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

 - State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
 - Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1loc.htm
 - Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC):_  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   _You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8._

Your Case Management Judge is:  **Mary Jo Levinger**                    Department:  **5**

The 1st CMC is scheduled for:  (Completed by Clerk of Court)
   Date: **OCT 2 8 2008**   Time:  **2:15 PM**   in Department   **5**

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
   Date: _____   Time: _____   in Department _____

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_  If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_  Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/06

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

CYNTHIA A. LAICA - CSBN 244301
HALLMARK LAW FIRM
11440 WEST BERNARDO COURT, SUITE 300
SAN DIEGO, CALIFORNIA 92127
TELEPHONE NO.: 858-386-9696    FAX NO.: 858-675-3696
ATTORNEY FOR (Name): SUE F. BLECMAN

**ENDORSED**

D. Wendel

2008 JUN -4 P 1: 19

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY _____
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS: 191 NORTH FIRST STREET
CITY AND ZIP CODE: SAN JOSE, CALIFORNIA 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT

CASE NAME:
Sue F. Blecman, an individual v. PHT Corporation, a Delaware Corp.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 108CV114076 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): (8) Eight
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: MAY 29, 2008

CYNTHIA A. LAICA, ESQ.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | TELEPHONE NO.:(408) 998-4150 | FOR COURT USE ONLY |
|---|---|---|
| Diane L. Kimberlin, CSB 071487<br>Michael W. Warren, CSB 223642<br>Littler Mendelson<br>A Professional Corporation<br>50 West San Fernando St., 15th Floor<br>San Jose, CA 95113 | | ENDORSED FILED<br>08 JUL 10 AM 10: 02<br>G. Duarte Clerk of the Superior Court<br>Santa Clara, California<br>By:<br>Deputy Clerk |
| ATTORNEY FOR *(Name)*: Defendant PHT Corporation | | |

| Insert name of court, name of judicial district, and branch court, if any:<br>Santa Clara County Superior Court | |
|---|---|
| PLAINTIFF:  SUE F. BLECMAN | |
| DEFENDANT:  PHT CORPORATION | |

| **GENERAL DENIAL** | CASE NUMBER:<br>1-08-CV-114076 |
|---|---|

---

Y ou MUST use this form for your general denial if the amount asked for in the complaint or the value of the property involved is $1,000 or less.

You MAY use this form if:

1. The complaint is not verified, OR
2. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts, EXCEPT

You MAY NOT use this form if the complaint is verified and involves a claim for more than $1,000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 90-100, 431.30, and 431.40.)

---

1.  DEFENDANT(S) *(Name)*: Defendant PHT Corporation

2.  ☒ DEFENDANT(S) states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary)*:

PLEASE SEE ATTACHED

Date:  July 10, 2008


MICHAEL W. WARREN
(TYPE OR PRINT NAME)                                    (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your claim.  (See Code of Civil Procedure sections 426.10-426.40.)

The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. *(See the other side for a proof of service.)*

---

Form Adopted by Rule 982<br>Judicial Council of California<br>982(a)(13) (Rev. 1/1/87)

**GENERAL DENIAL**

CCP 431.30, 431.40

Firmwide:85826547.1 060234.1001

## SUE F. BLECMAN v. PHT CORPORATION

### Santa Clara County Superior Court

### Case No. 1-08-CV-114076

### AFFIRMATIVE DEFENSES

AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant PHT Corporation (hereinafter "Defendant"), alleges:

That Plaintiff's Complaint fails to allege facts sufficient to constitute any cause of action or to set forth a claim upon which relief can be granted.

AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

That each and every act done or statement made by Defendant with regard to, or in any way related to, Plaintiff was privileged as a good faith assertion of Defendant's legal and contractual rights.

AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

That Plaintiff, by her acts and omissions, has waived any purported claims for relief contained in the complaint.

AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

That based on information and belief that the Complaint and each cause of action alleged therein are barred by the applicable statues of limitations, including but not limited to, California Code of Civil Procedure sections 337, 338, 339 and 340.

AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

That Plaintiff is barred in equity from recovering on her Complaint, or any claim contained therein, under the doctrine of unclean hands.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 WEST SAN FERNANDO ST
14TH FLOOR
SAN JOSE, CA 95113 2303
408 998 4150

Defendant's' Affirmative Defenses                                              Case No. 1-08-CV-114076

1  AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

2  CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

3  That Plaintiff is estopped by reason of her conduct, acts or omissions, or those of her

4  agents, from recovering against Defendant on any purported claims for relief contained in the

5  Complaint.

6  AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

7  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

8  That all damages Plaintiff has suffered or will suffer are wholly or in part the result of

9  her own actions, or the actions of other parties, not the answering Defendant.

10  AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

11  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

12  That Plaintiff did not reasonably rely upon any promises or statements allegedly made

13  by Defendant.

14  AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

15  CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

16  That Plaintiff did not substantially change her position to her detriment in reliance

17  upon any promises allegedly made to Plaintiff by Defendant.

18  AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

19  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

20  That Defendant's alleged representations were not knowingly false when made.

21  AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

22  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

23  That Plaintiff consented to each of the allegedly wrongful acts Defendant allegedly

24  took against her.

25  AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

26  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

27  That Plaintiff could have, through diligence, found other employment and taken other

28  action which would have mitigated her damages, and she had an affirmative duty to do so, which

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 WEST SAN FERNANDO STREET
15TH FLOOR
SAN JOSE, CA 95113-2303
408.998.4150

Defendant's Affirmative Defenses                    2.                    Case No. 1-08-CV-114076

1    was breached by her failure to find other employment and take other action upon the cessation of her

2    employment with Defendant.

3            AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

4    TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

5            That Plaintiff's Complaint fails to state a claim upon which attorneys' fees may be

6    granted.

7            AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

8    TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

9            That Plaintiff's Complaint fails to state a claim upon which punitive damages can be

10    awarded.

11            AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

12    EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

13            That the compensation Plaintiff asserts Defendant failed to pay in a timely fashion

14    was not earned at the time of her discharge.

15            AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

16    EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

17            That Plaintiff did not substantially change her position to her detriment in reliance

18    upon any promises allegedly made to Plaintiff by Defendant.

19            AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

20    TO EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

21            Any award of exemplary damages as sought by Plaintiff would violate the due

22    process and excessive fine clauses of the Fifth, Eighth and Fourteenth Amendments of the United

23    States Constitution, as well as the Constitution of the State of California.

24            Defendant has not yet completed a thorough investigation and study or completed

25    discovery of all facts and circumstances of the subject matter of Plaintiff's Complaint, and

26    accordingly, reserves its right to amend, modify, revise or supplement its Answer, and to plead such

27    further defenses and take such further actions as it may deem proper and necessary in its defense

28    upon the completion of said investigation and study.

LITTLER MENDELSON
A Professional Corporation
50 WEST SAN FERNANDO ST
19TH FLOOR
SAN JOSE, CA 95113 2303
408 998 4150

Defendant's Affirmative Defenses                    3.                    Case No. 1-08-CV-114076

1    WHEREFORE, Defendant pray judgment against Plaintiff as follows:

2    1.    For an order dismissing Plaintiff's claims with prejudice, and entering

3    judgment in favor of Defendant and against Plaintiff;

4    2.    For all reasonable costs and attorneys' fees incurred by Defendant in

5    connection with the defense of this matter; and

6    3.    For such other and further relief as the Court in the exercise of its discretion

7    deems just and proper.

8    Dated: July 10, 2008                    LITTLER MENDELSON

9

10    By: _____

11    MICHAEL W. WARREN
      Attorney for Defendant
      PHT CORPORATION

12    Firmwide:85826252.1 060234.1001

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W FET SAN FERNANDO ST
STH FLOOR
SAN JOSE, C A 95113-2303
408 998 4150

Defendant's Affirmative Defenses                    4.                    Case No. 1-08-CV-114076

**PROOF OF SERVICE**

ENDORSED FILED

08 JUL 10 AM 10: 02

David H. Yamasaki, Clerk of the Superior Court
By: _____
Deputy Clerk

I am a resident of the State of California, over the age of eighteen years and not a party to the within action. My business address is 50 West San Fernando Street, 15th Floor, San Jose, California 95113.2303. On July 10, 2008, I served the within document(s):

**GENERAL DENIAL**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 408.288.5686. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

**Cynthia A. Laica**
**Hallmark Law Firm**
**11440 West Bernardo Court, Suite 300**
**San Diego, CA 92127**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

///

///

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:85832000.1 060234.1001

1

2

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 10, 2008, at San Jose, California.

3

4

5

Kathleen Marie Dolce

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408 998 4150

Firmwide:85832000.1 060234.1001                    2.

PROOF OF SERVICE

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

Sue F. Blecman

**DEFENDANTS**

PHT Corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Delaware**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**C 08   03340   PVT**

E-FILING

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Cynthia A. Laica (calaica@hallmarklaw.net)
Hallmark Law Firm
11440 West Bernardo Court, Suite 300
San Diego, California 92127
(858) 386-9696

ATTORNEYS (IF KNOWN)
Diane L. Kimberlin (dkimberlin@littler.com)
Michael W. Warren (mwarren@littler.com)
Littler Mendelson, P.C.
50 W. San Fernando St., 15th Floor
San Jose, CA 95113; (408) 998-4150

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transfered from Another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury Med Malpractice
☐ 365 Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing
☐ 444 Welfare
☐ 440 Other Civil Rights
☐ 445 Amer w/ disab - Empl
☐ 446 Amer w/disab -Other
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV

**PRISONER PETITIONS**
☐ 510 Motion to Vacate Sentence Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt Relations
☐ 730 Labor/Mgmt Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl.Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (US Plaintiff or Defendant
☐ 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b).

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND$ over $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND  ☒ SAN JOSE

DATE July 10, 2008

SIGNATURE OF ATTORNEY OF RECORD  Michael W. Warren

American LegalNet, Inc.
www.USCourtForms.com

JS 44 Page 2
(Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.   Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.  Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

American LegalNet, Inc.
www.USCourtForms.com